**FILED**
**U.S. District Court**
**District of Kansas**
11/23/2026
**Clerk, U.S. District Court**
**By:** MSB **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNYS PINA-CARRENO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
Immigration and Customs Enforcement,

Respondents.

Case No. 26-3404-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, entered the United States in 2021; removal proceedings were initiated, and petitioner was released on an order of recognizance. On April 17, 2026, immigration officials took petitioner into custody and revoked his prior release. On July 24, 2026, petitioner's removal was ordered in immigration court, and petitioner waived appeal of that decision. Petitioner is presently confined within this judicial district. On October 26, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in

custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner seeks his release, claiming that his detention has become prolonged and that his removal in the foreseeable future is not likely because Cuba will not accept his return.[1] The Court ordinarily analyzes such a claim under the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the

---

[1] Petitioner also appears to challenge the revocation of his prior release, alleging that he did not violate the terms of that release; but he has not alleged or explained in the petition how that revocation violated federal law, and he has abandoned the claim in his reply brief. As respondents note, this Court lacks jurisdiction to review any discretionary revocation of bond or parole. *See* 8 U.S.C. § 1226(e). The Court therefore denies any such claim asserted by petitioner.

> circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (applying this framework).

The Court denies this claim. First, six months have not passed since petitioner's removal order became final and his removal period began. *See* 8 U.S.C. § 1231(a)(1)(B) (removal period begins when removal order becomes administratively final); 8 C.F.R. § 1241.1(b) (removal order becomes final upon waiver of appeal). Accordingly, petitioner's detention remains presumptively reasonable under *Zadvydas*. In addition, respondents

have submitted evidence of the following facts, which petitioner has not disputed: officials learned that Cuba would not accept petitioner; since that time they have worked to remove petitioner to Mexico, which has cooperated with the United States and has readily accepted removed aliens from Cuba without a travel document; petitioner has continually refused service of notices of the intent to remove him to Mexico (beginning in July 2026 and as recently as November 7, 2026); and such refusals have hindered petitioner's removal because Mexico's acceptance is contingent on the consent of the alien. Thus, because petitioner has acted to prevent his removal subject to an order of removal, his removal period has been suspended and petitioner may yet be detained. *See* 8 U.S.C. § 1231(a)(1)(C). Moreover, the Government has met its burden under *Zadvydas* because it has shown that petitioner may readily be removed once he cooperates with officials. *See Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (alien who refused to cooperate regarding his removal was not entitled to relief under *Zadvydas* as his case did not raise the specter of indefinite detention), *cited in Machado Leon v. Mackey*, 2026 WL 3530598, at *2 (D. Kan. Nov. 17, 2026) (Lungstrum, J.) (rejecting claim under *Zadvydas* for the same reason). Accordingly, the Court finds that petitioner's detention has not become unreasonably indefinite under *Zadvydas*, and it therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge